UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARL COCO, et al | CIVIL ACTION 13-3059 |
| VERSUS | CHIEF U.S. DISTRICT JUDGE DRELL |
| HECK INDUSTRIES, INC. | U.S. MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the court is plaintiffs' motion to remand, **Doc. 9**, referred to me by the district judge for report and recommendation. This is a putative class action removed to this court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) (CAFA). Plaintiffs move to remand alleging that the removal was not timely filed, that defendant, Heck, has not met its burden to show CAFA is applicable to this proceeding, and, alternatively, allege that pursuant to CAFA's "home state" and "local controversy" exceptions, the case must be remanded.

Factual Background

This is a suit by thirteen plaintiffs filed in state court in Avoyelles Parish, Louisiana in 2007 against defendant's predecessor in interest, Moreauville Concrete Products, Inc. (Moreauville). The plaintiffs allege that they have suffered damages on account of Heck's and Moreauville's operations at its concrete plant near plaintiffs' homes. Plaintiffs allege nuisance and specifically allege the plant is operated in the evenings and early morning hours disturbing

1

the peaceful possession of their properties and that the plant emits dust and particulate matter which covers plaintiffs' properties and causes medical conditions. Moreauville was dismissed as a defendant by the state court judge pursuant to consent judgment because it no longer owns the plant, having sold it to Heck. In 2013 plaintiffs filed an amending petition in state court asserting damages against Heck and requesting class action status. Based on the amending petition, Heck removed the case to this court on November 12, 2013 and in its Notice of Removal asserted the applicability of CAFA. Plaintiffs filed this motion to remand on December 12$^{th.}$

## Applicable law

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.

The statute, 28 U.S.C. § 1332(d)(2), as applicable here, gives federal district courts original "diversity" jurisdiction over suits in which the amount in controversy exceeds the sum of $5,000,000, excluding interest and costs, and where any plaintiff is a citizen of a state different from any defendant. Paragraph (5) adds the additional requirement that the class must be comprised of at least 100 persons. Paragraph (6) specifies that the class members' claims shall be aggregated in determining whether the monetary threshold is met. Paragraph (8) makes it clear that these rules apply to putative classes, that is to class actions which have been proposed but as to which no order of certification of the class has been issued by the court.

## Analysis

Plaintiffs' first argument for remand is that the removal came too late. Plaintiffs point out that before the amending petition was filed, a courtesy copy was provided to defendant and, therefore, the time for removal should have run from that date, not the date of actual filing.

Plaintiffs rely on the language of 28 U.S.C. 1446 providing that removal may be filed within 30 days after the "receipt by the defendant, through service or otherwise" of a copy of the initial pleading or other paper.

However, as defendant correctly points out, this argument was rejected in Murphy Bos., Inc. v. Michetti Pipe Stringing, Inc., 119 S. Ct. 1322 (1999). In this case, Heck was served on October 22, 2013 and it removed the case on November 12, 2013, well within the 30 day period for removal. The removal was timely.

Next, plaintiff argues that defendant has failed in its burden to prove that the members of the class equal or exceed 100 persons and that the aggregated claims meet the $5,000,000 dollar threshold of CAFA. In order to prove both, defendant has submitted 2010 census data[1] taken from the U. S. Census Bureau to show that the area designated by plaintiffs[2] in their amending complaint as encompassing all the putative class plaintiffs includes the entire village of Moreauville and its 929 residents, as well as an additional area of Avoyelles Parish with even more residents. Therefore, even allowing for some possible population changes since 2010 when the census was taken, it is more probable than not that the putative class consists of more than

---

[1] The census evidence may be considered by the court pursuant to FRE Rule 902(5) as a public record and without additional certification or authentication. It may also be considered pursuant to judicial notice. FRE Rule 201; Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564 (5th Cir. 2011).

[2] Plaintiffs' petition proposes to include in the class "[a]ll persons who are residents, domiciliaries, and/or located in Avoyelles Parish, State of Louisiana, who have suffered damage to their persons and/or homes from the concrete facility operations located in Moreauville, LA, the initial boundaries of which are reported as that area from the concrete facility to a 2 mile radius into the surrounding area.

900 persons.[3]

If the class consists of at least 900 persons, then the monetary threshold of $5,000,000 is easily met by the aggregated claims of plaintiffs. The nuisance value of the noise in the evenings and early morning hours as well as during the day, the dust and particulate matter covering homes and cars and the adverse health effects on at least a proportion of the putative class would, more probably than not[4] place in dispute more than $5,000,000.

Next, plaintiffs contend that Heck has not proven that there is at least one person in the class who is not a citizen of Louisiana. In support of its removal, Heck has attached records from the Avoyelles Parish Assessor showing 21 affected properties are owned by persons whose addresses on the records of the Assessor are out of state addresses.[5] While it may be possible that every person who owns property in Moreauville and who receives his or her tax bill at an out of state address could merely reside out of state without having a domicile there, that is, without having an intention to remain, that is extremely unlikely. Rather, it is more probable than not that at least one of the 21 property owners with an out of state address is, indeed, an out of state domiciliary. We need not put aside common sense when applying CAFA to the facts of this case. Therefore, the minimal diversity required by CAFA is met.

---

[3] Unlike the post-Katrina Hurricane mass exodus from New Orleans which was the situation the court confronted in Preston v. Tenet Healthsystem, 485 F.3d 793 (5th Cir. 2007), the only population shift in Moreauville would have been what normally occurs in any given locale.

[4] De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

[5] Defendant suggests that the Assessor's records may be considered by the court under FRE Rule 201. I disagree. This is not the kind of evidence of which judicial notice may be taken. However, were it determinative of the case, I would permit defendant to substitute authenticated records meeting the requirements of FRE Rule 902.

Because the putative class exceeds 100 persons, the monetary threshold is met, and minimal diversity is present, the case was properly removed by Heck pursuant to CAFA.

However, plaintiffs argue that the Home State and Local Controversy mandatory abstention provisions set forth in the Act apply and require remand. The 5th Circuit has interpreted these provisions in Preston v. Tenet Healthsystem, 485 F.3d 793 (5th Cir. 2007) and Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564 (5th Cir. 2011).

CAFA requires federal courts to decline jurisdiction over a proposed class action if either of the following narrow exceptions is proven by a preponderance of the evidence: (1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); or (2) the home state exception, 28 U.S.C. § 1332(d)(4)(B). The CAFA mandatory abstention provisions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." Hollinger, supra, at 569-570, citing Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 682 (7th Cir.2006).

Pursuant to the "local controversy" mandatory abstention provision of CAFA, the district court "shall decline to exercise jurisdiction":

(I) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed

plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A).

CAFA's "home state" mandatory abstention provision states:

(4) A district court shall decline to exercise jurisdiction under paragraph (2) [over a class action in which]—

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).

The burden is on plaintiffs to show that each element of the exceptions to jurisdiction apply. Hollinger, supra. The court has wide but not unfettered discretion to decide what evidence to use in making its determination of jurisdiction which should be made based on readily available information. Id.

Here, as in Hollinger, it is the two thirds citizenship requirement that is at issue.

"In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. Domicile requires the demonstration of two factors: residence and the intention to remain." Preston I, 485 F.3d at

797–98.

For diversity purposes, citizenship means domicile (Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974). The question of domicile is a matter of federal common law (Acridge v. Evangelical Lutheran Good Samaritan Soc'y, 334 F.3d 444, 448 (5th Cir. 2003). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . .'" Mas, supra. A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention of remaining there. Id.

Evidence of a person's place of residence, however, is prima facie proof of his domicile. Preston I, 485 F.3d at 799 (citing Stine v. Moore, 213 F.2d 446, 448 (5th Cir.1954)); Martin, 548 F.Supp.2d at 273 n. 22. Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." Preston I, 485 F.3d at 798; see also Acridge v. Evangelical Lutheran Good Samaritan Society, 334 F.3d 444, 448 (5th Cir.2003), Hollinger, supra, at 571.

Plaintiffs urge the court to take a "practical and reasonable" approach to determine domicile and citizenship of the class, citing Hollinger, supra. Citizenship, for purposes of proving an exception to CAFA, must be analyzed as of the date the complaint or amended complaint was filed. Id.

Plaintiffs' class is comprised of persons who are residents or domiciliaries or located in the area specified. Because, as suggested above, a presumption of domicile applies to residents, and domicile equates to citizenship for these purposes, the class is comprised of citizens save those persons who may be merely "located" within the class boundaries and who suffered

7

damage. But we should not put aside common sense and ignore the fact that it is extremely unlikely that those persons merely "located" in the area at the time of the damage comprise more than one-third of the class.[6] In other words, it is more probable than not that the persons merely "located" within the boundaries of the class comprise fewer than one-third of the total class which is otherwise entirely comprised of citizens of Louisiana. Unlike Hollinger, where the class was comprised of those persons who purchased auto insurance policies in Texas, no additional proof of domicile is needed.

Because at least two-thirds of the plaintiffs in the putative class are Louisiana citizens, there is but one defendant who is a citizen of Louisiana, the injuries were incurred in Louisiana, and there is no evidence of a prior class action having been filed, the local controversy exception applies and the case should be remanded. Because two-thirds of the class and the only defendant are citizens of Louisiana, the home state exception also applies and requires remand.

For that reason, IT IS RECOMMENDED that the motion to remand, **doc. #9**, be GRANTED and this case be remanded to the 12th Judicial District Court, Parish of Avoyelles, State of Louisiana.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the

---

[6] See Hollinger, supra, at p. 573.

district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 7th day of February, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE